O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ESTHER ALVARADO,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 8:17-CV-00566 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In October of 2013, Plaintiff Esther Alvarado applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Martin Taller, APC, Troy Dana Monge, Esq., of counsel, commenced this action seeking judicial review

of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7, 10). On April 25, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 16).

## II. BACKGROUND

Plaintiff applied for benefits on October 7, 2013, alleging disability beginning February 6, 2011. (T at 158-59, 160-69).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On September 16, 2015, a hearing was held before ALJ Helen E. Heese. (T at 40). Plaintiff appeared with her attorney and testified with the aid of an interpreter. (T at 43-54). The ALJ also received testimony from Kelly Winn-Boaitley, a vocational expert. (T at 55-59).

On October 20, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 9-30). The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record transcript at Docket No. 14.

DECISION AND ORDER – ALVARADO v COMMISSIONER 8:17-CV-00566-VEB

Commissioner's final decision on February 2, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

On March 29, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on August 21, 2017. (Docket No. 13). The parties filed a Joint Stipulation on November 9, 2017. (Docket No. 15).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

#### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B. **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

6

DECISION AND ORDER – ALVARADO v COMMISSIONER 8:17-CV-00566-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 6, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2015 (the "date last insured"). (T at 14). The ALJ found that Plaintiff's status post bilateral carpal tunnel release, bilateral cubital tunnel syndrome, osteoarthritis of the basal joints of the bilateral thumbs, and degenerative disc disease of the cervical spine were "severe" impairments under the Act. (T. at 14).

DECISION AND ORDER – ALVARADO v COMMISSIONER 8:17-CV-00566-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR §404.1567 (c), with the following limitations: she can lift 40 pounds occasionally and 30 pounds frequently; she can frequently (but not repetitively) perform gross and fine manipulation with bilateral upper extremities; she can perform frequent (but not repetitive) forceful gripping, grasping, twisting and turning; and she can frequently (but not repetitively) use vibrating tools. (T at 17).

The ALJ found that Plaintiff could perform her past relevant work as a small products assembler and electronics assembler. (T at 24).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between February 6, 2011 (the alleged onset date) and October 23, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 25). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

D.  **Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 15), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff contends that the ALJ did not properly evaluate the medical opinion evidence. Second, she challenges the ALJ's credibility determination. Third, Plaintiff argues that the ALJ did not properly consider lay witness testimony. This Court will address each argument in turn.

# IV. ANALYSIS

A.  **Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In the present case, several physicians who treated or examined Plaintiff in connection with her workers' compensation claim offered opinions regarding her functional capacity. Dr. Luigi Galloni, a treating physician, consistently described Plaintiff as being "[t]emporary partially disabled," with a restriction against lifting more than 10 pounds, no work above shoulder level, and no repetitive grasping, gripping, or torquing. (T at 427, 430, 434, 440, 452, 458, 465, 473).

Dr. Andre Chaves examined Plaintiff in October of 2013 and diagnosed status post bilateral carpal tunnel release, bilateral cubital tunnel syndrome, and osteoarthritis of the basilar joints, bilateral thumbs. (T at 567). Dr. Chaves opined that Plaintiff could not return to her prior work and needed vocational rehabilitation. (T at 568). He found that Plaintiff was permanently restricted from work activities that required repetitive wrist and elbow motion, impact-or vibration-producing tools, or forceful gripping and grasping with both hands. (T at 569). Dr. Chaves opined that Plaintiff could lift 40 pounds at one time or 30 pounds repetitively. (T at 569).

Dr. Lawrence Lyons, a clinical psychologist, examined Plaintiff in December of 2014. He assigned a Global Assessment of Functioning ("GAF") score[2] of 57 (T at 652), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008). Dr. Lyons opined that Plaintiff was "temporarily totally disabled." (T at 652).

The ALJ gave little weight to Dr. Lyons's opinion (T at 16), little weight to Dr. Galloni's assessment (T at 23), and some weight to Dr. Chaves's findings. (T at

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

11

DECISION AND ORDER – ALVARADO v COMMISSIONER 8:17-CV-00566-VEB

24). This Court finds the ALJ's consideration of the medical opinion evidence flawed for the following reasons.

First, the ALJ categorically discounted the opinions of these physicians on the grounds that they had "examined [Plaintiff] solely in the context of a workers' compensation claim, which affects the credibility and relevance of their opinions." (T at 17, 23). This was improper. "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them" unless there is additional evidence demonstrating impropriety. The ALJ identified no such evidence here. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Although the ALJ is not obliged to accept opinions from treating or examining physicians as binding, whether they were rendered in the workers' compensation context or not, the fact that an opinion was formulated in that context does not, *ipso facto*, provide a reason for discounting it. *See Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105-1106 (C.D. Cal. 2002)(collecting cases); *Perez v. Berryhill*, No. ED CV 16-00583, 2017 U.S. Dist. LEXIS 18011, at *12-13 (C.D. Cal. Feb. 7, 2017). The ALJ here erred by finding that the fact that the doctors treated or examined Plaintiff in the workers' compensation context "affect[ed] the credibility and relevance of their opinions." (T at 17, 23). As a

matter of law, medical opinions from treating and examining sources are relevance and entitled to due deference consistent with applicable law.

Second, there is serious doubt as to whether the ALJ properly translated the workers' compensation findings. As discussed above, it is well-settled that an ALJ may not disregard a physician's medical opinion simply because it was rendered in the context of a workers' compensation claim or proceeding and/or because workers' compensation terminology is used. *Booth*, 181 F. Supp. 2d at 1105. "Proper evaluation of such medical opinions, however, does present an extra challenge." *Id.* at 1106. The ALJ is obliged to "translate" the workers' compensation findings into the applicable Social Security terminology "in order to accurately assess the implications of those opinions for the Social Security disability determination." *Id.* (citing *Desrosiers v. Sec. of Health & Human Srcvs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

Although the "translation" need not be explicit, the decision "should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence." *Id.*

Here, Dr. Galloni described Plaintiff as being restricted from repetitive grasping, gripping, or torquing. (T at 427, 430, 434, 440, 452, 458, 465, 473). Likewise, Dr. Chaves opined that Plaintiff was permanently restricted from work activities that required repetitive wrist and elbow motion, impact-or vibration-producing tools, or forceful gripping and grasping with both hands. (T at 569).

At first glance, these findings would appear to be consistent with the ALJ's determination that Plaintiff retained the RFC to perform frequent (but not repetitive) forceful gripping, grasping, twisting, and turning, along with frequent (but not repetitive) use of vibrating tools. (T at 17).

However, Plaintiff argues, and the Commissioner does not dispute, that in the workers' compensation context, a restriction from "repetitive" motion indicates a 50% loss of pre-injury capacity. Thus, the conclusion that Plaintiff could perform certain job tasks frequently (which can, for Social Security Act purposes, include performing the activity 2/3 of the time) is not necessarily consistent with the treating/examining physicians' finding that Plaintiff was restricted from performing those activities repetitively. It is unclear whether the ALJ recognized this issue and, if so, how it was resolved. This was error requiring remand. *See Nguyen v. Colvin*, No. SA CV 12-1837-PJW, 2013 U.S. Dist. LEXIS 175351, at *3 (C.D. Cal. Dec. 12, 2013); *Reyes v. Colvin*, No. CV 15-9406-KS, 2016 U.S. Dist. LEXIS 174439, at

*22-23 (C.D. Cal. Dec. 15, 2016). On remand, the ALJ will need to translate the limitations assessed in the workers compensation context and consider those translated limitations in the context of the overall evidentiary record when determining Plaintiff's RFC.

**B.   Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

15

DECISION AND ORDER – ALVARADO v COMMISSIONER 8:17-CV-00566-VEB

symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She last worked in 2010. (T at 44). She lives with her son. (T at 46). She makes breakfast and walks around her home for about 30 minutes each morning. (T at 48). She takes her dog for a walk. (T at 49). Hand and neck pain prevent her from working. (T at 50). Hand pain makes it difficult to lift or carry objects. (T at 51). Her pain makes it hard to sleep. (T at 52). She would not be able to perform her past work as an assembler because the work required too much use of the hands. (T at 54).

The ALJ concluded that Plaintiff's credibility was "diminished" because her allegations were "greater than expected in light of the objective evidence of record." (T at 19). The ALJ also found that Plaintiff's activities of daily living undermined her allegations. (T at 19).

However, the ALJ's consideration of the objective evidence, including in particular the medical opinion evidence, was flawed for the reasons stated above. As such, the assessment of Plaintiff's credibility will need to be revisited on remand after reconsideration of the medical opinion evidence.

## C. Lay Witness Testimony

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999). Here, Plaintiff's son testified that his mother had difficulty sleeping, experienced stress and difficulty dressing, and could not perform household chores on a sustained basis. (T at 263). The ALJ rejected this testimony, finding the son's statements not supported by the "clinical or diagnostic medical evidence." (T at 20). Again, because the ALJ's consideration of that evidence was flawed as outlined above, the lay testimony will likewise need to be revisited on remand.

## D. Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. The issue of Plaintiff's limitations regarding the use of her upper extremities remains

outstanding. In particular, the Commissioner must translate the limitations assessed by Dr. Galloni and Dr. Chaves from the workers' compensation context, afford those opinions due weight as required under applicable law, and then determine whether and to what extent the RFC determination needs to be revised. If the RFC determination is revised, then reconsideration of the step four past relevant work would follow, with a step five analysis thereafter, if necessary. This Court cannot say, on this record, whether Plaintiff is disabled and, as such, remand for further proceedings is the right result.

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 24th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE